UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO.: 8:23-CV-01334

KIMBERLY TURNER,

    Plaintiff,

vs.

JAY LAKSHMI INC. D/B/A
EZ FOOD, KEVIN CHUDGAR, LLC,
KISHANKUMAR G. CHUDGAR, AND
KEVIN CHUDGAR,

    Defendants.
_____/

# COMPLAINT

Plaintiff, Kimberly Turner, sues Defendants, Jay Lakshmi Inc. d/b/a EZ Food, Kevin Chudgar, LLC, Kishankumar G. Chudgar, and Kevin Chudgar, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Kimberly Turner**, is over 18 years old and has been a *sui juris* resident of Marion County, Florida, at all times material.

2. **Defendant, Jay Lakshmi Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in

1

Polk County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendant, Kevin Chudgar, LLC,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and actually conducted its for-profit business in Polk County, Florida, at all times material, where it maintains its principal place of business.

4. **Defendant, Kishankumar G. Chudgar,** was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Kishankumar G. Chudgar, ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because the Defendants transact business in this District because Defendants maintained their principal places of business in this District because Plaintiff worked and was due to

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

be paid in Polk County, and because most, if not all of the operational decisions were made in this District.

7. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Kimberly Turner, reincorporates and re-alleges all preceding as though set forth fully herein and further alleges as follows:

9. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

10. Plaintiff was a non-exempt employee of Defendants.

11. Plaintiff consents to participate in this lawsuit.

12. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13. Defendants cooperated/coordinated to manage Plaintiff and her

3

work, to pay Plaintiff for her work, and they collectively manage their workforce, including the hiring and firing of workers, setting work schedules for their workers, and providing work assignments for their workers.

14. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15. Defendants own and operate a gas station/convenience store where they sell gasoline, petroleum products, automotive products, food, soft drinks, beer, wine, tackle, tobacco products, and other items, goods, and materials that traveled in interstate commerce.

16. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange, and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

17. Defendants' annual gross revenues derived from this interstate commerce are believed to be exceed $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked.

18. Defendants required that Plaintiff handwrite her hours on a part of a cigarette carton, which time records Defendants retained.

19. Plaintiff worked for the Defendants from approximately August 2022 to April 19, 2021.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

21. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her work regularly and recurrently selling gasoline, automotive products, snacks, cigarettes, tobacco products, lighters, cellular phone accessories, beverages, and other goods, materials, and supplies that traveled in interstate commerce while using credit card terminals that process information by sending electronic information outside of the State of Florida.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

22. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

23. Defendants paid Plaintiff in part with a check and in part in cash.

24. Defendants agreed to pay Plaintiff $11.00/hour for each hour worked.

25. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate of pay for all the hours she worked over 40 hours in a given workweek.

26. Defendants paid the documented overtime hours at Plaintiff's regular rate of pay, meaning she is entitled to be paid at 0.5 her regular hourly wage for all the documented overtime hours she worked.

27. Defendants failed to include the hours they required Plaintiff to come to work for a meeting and/or outside of her regularly scheduled shifts in the overtime hours she worked, for which Plaintiff is entitled to be paid at 1.5x her regular hourly pay when those hours exceeded 40 in a workweek.

28. Defendants willfully and intentionally refused to pay Plaintiff wages at time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time.

29. Defendants either recklessly failed to investigate whether their failure

6

to pay Plaintiff an overtime wage for the hours worked during the relevant time violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme through which they deprived of Plaintiff the overtime pay earned.

30. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

31. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

32. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours She worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Kimberly Turner, demands the entry of a judgment in her favor and against Defendants, Jay Lakshmi Inc. d/b/a EZ Food, Kevin Chudgar, LLC, Kishankumar G. Chudgar, and Kevin Chudgar, jointly and severally after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

### COUNT II – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2022

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Plaintiff, Kimberly Turner, reincorporates and re-alleges paragraphs 1 through 4and 5 through 8 as though set forth fully herein and further alleges as follows:

33. Plaintiff performed work for Defendants Jay Lakshmi Inc. d/b/a EZ Food, Kishankumar G. Chudgar, and Kevin Chudgar during calendar year 2022.

34. Defendants Jay Lakshmi Inc. d/b/a EZ Food, Kishankumar G. Chudgar, and Kevin Chudgar were each obligated to provide correct information returns to the IRS and the Plaintiff.

35. Defendants, Jay Lakshmi Inc. d/b/a EZ Food, Kishankumar G. Chudgar, and Kevin Chudgar, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the cash the individuals handed to her, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of an accurate W-2 to Plaintiff for calendar year 2022, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2022.

36. Defendants, Jay Lakshmi Inc. d/b/a EZ Food, Kishankumar G. Chudgar, and Kevin Chudgar, paid Plaintiff by check for most of the hours she worked in each pay period in 2022.

37. During the time that Plaintiff worked for Defendants in 2022, Defendants, Jay Lakshmi Inc. d/b/a EZ Food, Kishankumar G. Chudgar, and Kevin Chudgar also paid Plaintiff a portion of the wages she earned in cash.

38. Defendants Jay Lakshmi Inc. d/b/a EZ Food, Kishankumar G. Chudgar, and Kevin Chudgar did not include the amounts that they paid to Plaintiff in cash in 2022 in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2022.

39. Defendants, Jay Lakshmi Inc. d/b/a EZ Food, Kishankumar G. Chudgar, and Kevin Chudgar, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2022 by underreporting the amount they paid to Plaintiff in that calendar year.

40. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

> **(a) In general**
> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> **(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
> (2) the costs of the action, and
>
> (3) in the court's discretion, reasonable attorneys' fees.

41. Plaintiff suffered damages due to the Defendants' willful provision of the false/fraudulent information return(s) in 2022 caused by the Defendants' intentional and willful acts as described above.

42. Plaintiff also seeks recovery of her attorneys' fees and costs upon prevailing on this claim pursuant to 26 U.S.C. §7434.

WHEREFORE, Plaintiff, Kimberly Turner, demands the entry of a judgment in her favor and against Defendants Jay Lakshmi Inc. d/b/a EZ Food, Kishankumar G. Chudgar, and Kevin Chudgar jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2022 as set forth above;

    b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

    c.    That Plaintiff recover all interest allowed by law; and

    d.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Kimberly Turner, demands a trial by jury of all issues so triable.

Respectfully submitted this 14th day of June 2023,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*