UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:23-cv-01334-VMC-CPT

KIMBERLY TURNER,

    Plaintiff,

vs.

JAY LAKSHMI INC. D/B/A
EZ FOOD, KEVIN CHUDGAR, LLC,
KISHANKUMAR G. CHUDGAR,
AND KEVIN CHUDGAR,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, JAY LAKSHMI INC. D/B/A EZ FOOD, KEVIN CHUDGAR, LLC, KISHANKUMAR G. CHUDGAR, and KEVIN CHUDGAR, (collectively "Defendants"), files their answer and affirmative defenses to Plaintiff, KIMBERLY TURNER's, complaint (ECF No. 1).

## PARTIES, JURISDICTION, AND VENUE

1.    Defendants are without specific knowledge to admit or deny the allegations in this paragraph, but do not otherwise contest them, for purposes of answering the complaint.

2.    Defendants admit Jay Lakshmi Inc. conducts business in Florida. All other allegations, inferences, and legal conclusions are denied.

3. Defendants admit Kevin Chudgar, LLC conducts business in Florida. All other allegations, inferences, and legal conclusions are denied.

4. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

5. Defendants do not contest either original or supplemental jurisdiction.

6. Defendants do not contest the appropriateness of venue in this District.

7. Defendants are without specific knowledge to admit or deny the allegations in this paragraph.

8. Defendants are without specific knowledge to admit or deny Plaintiff's arrangements with her counsel.

### COUNT I – FLSA OVERTIME WAGE VIOLATION(S)

9. Defendants admit Plaintiff worked for Jay Lakshmi Inc., but specifically denied that Plaintiff worked for Kevin Chudgar, LLC. Defendants further deny that either Kishankumar or Kevin Chudgar are Plaintiff's employers. All other allegations, inferences, and legal conclusions in this paragraph are denied.

10. Defendants admit only Plaintiff was not exempt from overtime and that Plaintiff worked for Jay Lakshmi Inc. Defendants specifically deny that Plaintiff worked for Kevin Chudgar, LLC. Defendants further deny that either Kishankumar or Kevin Chudgar are Plaintiff's employers. All other allegations, inferences, and legal conclusions in this paragraph are denied.

11. Defendants are unable to admit or deny the allegations in this paragraph, but do not contest Plaintiff consents to participate in her filed lawsuit.

12. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

13. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

14. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

15. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

16. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

17. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

18. Defendants admit only that Plaintiff was required to record her hours. All other allegations, inferences, and legal conclusions are denied.

19. Defendants admit Plaintiff worked for Jay Lakshmi Inc., but specifically denied that Plaintiff worked for Kevin Chudgar, LLC. Defendants further deny that either Kishankumar or Kevin Chudgar are Plaintiff's employers. All other allegations, inferences, and legal conclusions in this paragraph are denied.

20. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

21. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

22. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

23. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

24. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

25. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

26. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

27. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

28. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

29. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

30. Defendants are without specific knowledge to admit or deny the allegations in this paragraph.

31. Defendants are without specific knowledge to admit or deny Plaintiff's arrangements with her counsel.

32. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

Defendants deny Plaintiff is entitled to any of the relief requested in the Wherefore clause.

## **COUNT II – VIOLATION(S) OF 26 U.S.C. § 7434 FOR 2022**

Defendants reincorporate and re-allege the answers to paragraphs 1-4 and 5-8.

33. Defendants admit Plaintiff worked for Jay Lakshmi Inc. but deny that either Kishankumar or Kevin Chudgar are Plaintiff's employers. All other allegations, inferences, and legal conclusions in this paragraph are denied.

34. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

35. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

36. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

37. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

38. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

39. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

40. Defendants contend the statute speaks for itself.

41. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

42. Defendants deny the allegations, inferences, and legal conclusions in this paragraph.

Defendants deny Plaintiff is entitled to any of the relief requested in the Wherefore clause.

43. For their first affirmative defense, Defendants state that none of their actions were "willful", as said term is defined by the FMWA, regulations, and interpretive case law.

44. For their second affirmative defense, Defendants state at all times material hereto Defendants acted in good faith and had reasonable grounds for believing that their policies and practices were not violations of the FLSA, as amended, and therefore Plaintiff's claim for liquidated damages is barred.

45. For their third affirmative defense, Defendants state all or part of Plaintiff's claims are barred by the applicable statute of limitations.

46. For their fourth affirmative defense, Defendants state Plaintiff's claims are barred because each has been properly paid for all hours worked.

47. For their fifth affirmative defense, Defendants state Plaintiff's claims are barred by the "de minimis" doctrine.

48. For their sixth affirmative defense, Defendants state that Plaintiff's claims are barred to the extent any hours worked by the Plaintiff over forty in any particular workweek was without the knowledge, either actual or constructive, of the Defendants.

49. For their seventh affirmative defense, Defendants state that Plaintiff's claims against Kevin Chudgar, LLC, are barred because it is not Plaintiff's "employer" within the meaning of the FLSA.

50. For their eighth affirmative defense, Defendants state Plaintiff's claims against Kishankumar Chudgar, individually, are barred because he is not an "employer" within the meaning of the FLSA.

51. For their ninth affirmative defense, Defendants state Plaintiff's claims against Kevin Chudgar, individually, are barred because he is not an "employer" within the meaning of the FLSA.

52. For their tenth affirmative defense, Defendants state Plaintiff fails to state a claim upon which relief may be granted.

53. For their eleventh affirmative defense, Defendants state Plaintiff fails to state a cause of action under 26 U.S.C. § 7434 because any payment information contained in any information returns was true and accurate.

54. For their twelfth affirmative defense, Defendant states Plaintiff fails to state a cause of action under 26 U.S.C. § 7434 because the issuance of any information returns with alleged false information was not willful.

55. For their thirteenth affirmative defense, Defendants state Plaintiffs fails to state a cause of action under 26 U.S.C. § 7434 because Plaintiffs cannot demonstrate that Defendants specifically intended to flout the statute.

56. For their fourteenth affirmative defense, Defendants state Plaintiff fails to state a cause of action under 26 U.S.C. § 7434 because she did not comply with all

conditions precedent. Specifically, there is no allegation of compliance with 26 U.S.C. § 7434(d).

57.     For their fifteenth affirmative defense, Defendants state Plaintiffs fail to state a cause of action under 26 U.S.C. § 7434 because they did not comply with all conditions precedent.

58.     For their sixteenth affirmative defense, Defendants state Plaintiff's claims under 26 U.S.C. § 7434 are barred by the doctrine of *in pari delicto*.

59.     For their seventeenth affirmative defense, Defendants state Plaintiff's claims under 26 U.S.C. § 7434 against Kishankumar and Kevin Chudgar are barred because neither was a "filer" of any "information return" under the statute.

60.     For their eighteenth affirmative defense, Defendants state Defendants state that the Plaintiff's claims are frivolous, both in factual and legal substance, and Defendants are entitled to an award of their attorneys' fees and costs incurred in defending the instant action.

61.     For their nineteenth affirmative defense, Defendants state the Plaintiff's claim for attorneys' fees and costs is barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

62.     Defendants reserve the right to add additional affirmative defenses as they may become known during the discovery process.

## JURY TRIAL DEMAND

Defendants demand a trial by jury for all counts so triable.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendants pray that this Court dismiss with prejudice the Plaintiff's claims in full, tax costs against the Plaintiff and in favor of Defendants, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985).

Dated:  August 4, 2023
        Boca Raton, FL

Respectfully submitted,

**Alex B.C. Ershock**
DANIEL R. LEVINE, ESQ.
Florida Bar No. 0057861
E-Mail:  DRL@PBL-Law.com
ALEX B.C. ERSHOCK, ESQ.
Florida Bar No. 100220
E-Mail:  ABE@PBL-Law.com
PADULA BENNARDO LEVINE, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL   33431
Telephone:   (561) 544-8900
Attorneys for Defendants