UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:23-cv-01334-VMC-CPT

KIMBERLY TURNER,

    Plaintiff,

vs.

JAY LAKSHMI INC. D/B/A
EZ FOOD, KEVIN CHUDGAR, LLC,
KISHANKUMAR G. CHUDGAR,
AND KEVIN CHUDGAR,

    Defendants.
_____/

**JOINT MOTION TO REVIEW AND APPROVE
FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

    The Parties, by and through their respective undersigned counsel, hereby jointly move the Court to review and approve their settlement and dismiss this action with prejudice, as follows:

    1.    Plaintiff's Complaint alleges Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by not paying her overtime compensation that she earned at Count I. She also asserted a claim at Count II relating to alleged violations under 26 U.S.C. § 7434 for willful issuance of a fraudulent W-2 to Plaintiff. Defendants deny any wrongdoing for all causes of actions and further deny Plaintiff is entitled to any relief whatsoever. The parties agree there is a bona fide, good faith dispute as to both liability and damages on Plaintiff's claims.

2. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with either the approval of the district court or under the supervision of the U.S. Department of Labor. The parties request that the Court review and approve their settlement and dismiss this action with prejudice. The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

3. All parties are represented by counsel in this action, and all agree and stipulate that the settlement represents a fair, reasonable, good faith, and arms-length settlement of Plaintiffs' claims. As a result, Plaintiff and Defendants have agreed to a resolution of all claims in this matter as provided in the Settlement Agreement attached hereto as Exhibit "A."

4. Plaintiff is receiving the amount she claims is owed to her for unpaid overtime wages in her Answers to the Court's Interrogatories (ECF No. 19) and an amount equal to the unpaid overtime wages as liquidated damages. See Ex. A. In other words, the Parties agreed on an **uncompromised** resolution of Plaintiff's FLSA overtime claim. In addition, the Defendants agreed to resolve Plaintiff's claim asserted under 26 U.S.C. §7436.

5. The parties represent that because of this Settlement Agreement, Defendants have agreed to pay Plaintiff's attorneys' fees and costs, as negotiated by the Parties and as stated in the Settlement Agreement. Plaintiffs represent, and

Defendants agree, the allocation of attorneys' fees and costs reflected in the Settlement Agreement is fair and reasonable. Furthermore, the Parties represent the amount of the settlement allocated to attorneys' fees and costs was negotiated separately, after, and without regard to the Plaintiff's underlying claim for unpaid minimum wages, or any other claim brought in this action.

6. Because the Parties agreed on an **uncompromised** resolution of Plaintiff's FLSA overtime wage claim, and since the attorney's fees were separately negotiated, there is no dilution of Plaintiff's recovery under the FLSA. "[O]nce the parties have agreed that Plaintiff will receive every penny she is entitled to under FLSA and that compensation will not be diluted by attorneys['] fees or costs or other such provisions, the Court's review responsibilities under *Lynn's Food* are done." *Jimenez v. Sixt Rent a Car, LLC*, 2022 WL 17416778, at *2 (M.D. Fla. Aug. 4, 2022), *report and recommendation adopted*, 2022 WL 17416780 (M.D. Fla. Aug. 29, 2022); *Saunders v. Amplus Air Conditioning Contractor, Inc.*, 2020 WL 13615159, at *1 (S.D. Fla. July 1, 2020) (citing *Mackenzie v. Kindred Hosps. East, LLC*, 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003)) ("Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise.").

7. As "the trend…is to require judicial oversight, even when an FLSA plaintiff is satisfied in full," see *Mompremier v. S & S Mgmt. Group LLC*, 2021 WL 9950747, at *1 (S.D. Fla. June 29, 2021) (Altman, J.), and because Plaintiff is requesting this Court retain jurisdiction over the Agreement to enforce the monetary

terms of settlement, the Parties present their settlement agreement to the Court for approval.

8.  As this Court previously recognized in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009):

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

9.  The parties stipulate they had a bona fide dispute and are resolving the matter to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation. All parties have been represented by counsel throughout the litigation. Additionally, the Plaintiff's claims involve disputed issues.

10. The parties agreed to the terms of the settlement after conferring with their respective attorneys.

11. Counsel for both parties represent that this settlement was an arms-length compromise with no collusion with regard to the settlement of this matter.

12. Counsel for both parties also represent that the continuation of this litigation would necessitate further expense necessitating additional expenditures of costs and attorneys' fees.

13. Counsel for both parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances. This is especially true because Plaintiff's FLSA claims are not compromised.

14. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Parties request that the Court review and approve their settlement and dismiss this action with prejudice. The Parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

15. All parties are represented by counsel in this action, and all parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith, and arms-length resolution of Plaintiff's claims.

WHEREFORE, the parties jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary. A proposed order is provided herewith.

Respectfully submitted on September 29, 2023.

| | |
|---|---|
| */s/ Brian Pollock* | */s/ Alex B.C. Ershock* |
| BRIAN POLLOCK, ESQ. | DANIEL R. LEVINE, ESQ. |
| Florida Bar No. 174742 | Florida Bar No. 0057861 |
| E-Mail: BRIAN@FAIRLAWATTORNEY.COM | E-Mail: DRL@PBL-Law.com |
| | ALEX B.C. ERSHOCK, ESQ. |
| FairLaw Firm | Florida Bar No. 100220 |
| 135 San Lorenzo Avenue, Suite 770 | E-Mail: ABE@PBL-Law.com |
| Coral Gables, FL 33146 | |
| Telephone: (305) 230-4884 | PADULA BENNARDO LEVINE, LLP |
| *Counsel for Plaintiff* | 3837 NW Boca Raton Blvd., Suite 200 |
| | Boca Raton, FL 33431 |
| | Telephone: (561) 544-8900 |
| | *Counsel for Defendants* |