UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY TURNER,

    Plaintiff,
v.                                Case No. 8:23-cv-1334-VMC-CPT

JAY LAKSHMI INC.,
KEVIN CHUDGAR, LLC,
KISHANKUMAR G. CHUDGAR,
and KEVIN CHUDGAR,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the Joint Motion to Approve FLSA Settlement and Dismiss Action with Prejudice (Doc. # 36), filed on September 29, 2023. The Court grants the Motion.

**I.  Background**

Plaintiff Kimberly Turner filed this action against her former employers on June 14, 2023, alleging violation of the overtime provisions of the Fair Labor Standards Act (FLSA) and violation of 26 U.S.C. § 7434. (Doc. # 1). After the Court entered a fast-track Scheduling Order (Doc. # 14) and the parties exchanged limited discovery (Doc. ## 20, 29, 31), the parties reached a settlement at mediation. (Doc. # 32).

At the Court's direction, the parties now seek approval of the settlement. (Doc. # 36).

## II. Analysis

Plaintiff alleges that Defendants violated the overtime provisions of the FLSA. Accordingly, any settlement of this claim reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Plaintiff will receive $7,290 total for unpaid wages, liquidated damages, and damages for the Section 7434 claim. (Doc. # 38-1 at 3). Notably, $2,145 of that amount represents the full amount of overtime wages Plaintiff claims were owed to her. (Doc. # 31 at 2).

It has also been agreed that Plaintiff's counsel will receive $8,710 in fees and costs. (Doc. # 38-1 at 3). The parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Plaintiff. (Doc. # 36 at 3). The parties explain that the issues in this case are still in dispute, but they have reached a settlement to avoid the risks and costs of protracted litigation. (Id. at 4).

Pursuant to <u>Bonetti v. Embarq Management Company</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Joint Motion to Approve FLSA Settlement and Dismiss Action with Prejudice (Doc. # 36) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.** The Court does **not** retain jurisdiction to enforce the settlement agreement.

---

[1] In <u>Bonetti</u>, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of October, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4